IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GRACE VILLAPANDO** | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **STELLAR RECOVERY INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Grace Vallapando, by and through her undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.  Plaintiff, Grace Vallapando, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in the District.

## III. PARTIES

4. Plaintiff, Grace Vallapando, is an adult natural persons residing in Englishtown, NJ 80111. At all times material and relevant hereto, Plaintiff is a õconsumerö as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Stellar Recovery, Inc. (õDefendantö), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey and Montana with its principal place of business located at 1845 Highway 93, South, Suite 310, Kalispell, Montana 59901.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a õdebt collectorö as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff had a counsmer line of credit with GE Money Bank in which she was making monthly payments on as agreed by the parties.

8. On or about October 25, 2011, Plaintiff called to notify GE Money Bank that a payment was being made on Plaintifføs account.

9. On or about October 25, 2011, Plaintiff made a payment of approximately $461.00 to GE Money Bank.

10. On or about Octobber 26, 2011, Plaintiff received a phone call from Defendant's agent, "Eric Harding", in regards to GE Money Bank account.

11. Defendant's agent, "Eric Harding", demanded that the Plaintiff make an immediate initial payment of approximately $5,000.00 followed by two more payments of approximately $5,000.00 to have the account paid in full.

12. Plaintiff explained to Defendant's agent, "Eric Harding", that plaintiff was making payments to GE Money Bank and had in fact made a payment the day before.

13. Defendant's agent, "Eric Harding", stated the Defendant had no documentation of a payment being made on the account and demanded the Plaintiff make immediate arrangements to forward a $5,000.00 payment, although the alleged balance was less than $15,000.00.

14. Plaintiff told Defendant's agent, "Eric Harding", she could not afford to make that kind of payment but would make another payment of $400.00.

15. Defendant's agent, "Eric Harding", stated it had to be $5,000.00 and could not be $400.00.

16. Defendant's agent, "Eric Harding", than suggest Plantiff get the money from her husband.

17. Plaintiff told Defendant's agent, "Eric Harding", that her husband was not invoved with account you would rather not begin his invovlment.

18. Defendant's agent, "Eric Harding", told the Plaintiff if she didn't make a payment of $5,000.00 the Defendant, who is not a lawfirm and maintains no office in

New Jersey that Stellar would take her to court and put a lein aginst Plaintiff's house and the Plaintiff's husband would surely find out then.

19. On or about October 26, 2011, Plaintiff called GE Money Bank to ask why Plaintiff's account had been sold when Plaintiff was making payments.

20. GE Money Bank's agent told the Plaintiff he could not discuss the matter because it was no longer their account.

21. Plaintiff asked GE Money Bank's agent about the payment made to them the day before.

22. GE Money Bank's agent stated the money would be transferred to the Defendant but it would take atleast 30-days.

23. On or about October 26, 2011, Plaintiff received a call from the Defendant and spoke with a second agent regarding the account.

24. Plaintiff explained to the new agent of the Defendant that the Plaintiff could not afford to make a $5,000.00 payment but wanted to work out a payment plan on the account.

25. Defendant's agent, stated she wasn't calling to make arrangements that the Defendant's agent was calling to tell the Plaintiff her account was already sent to the legal department and the Plaintiff would have to go to court.

26. Plantiff told the Defendant's agent that she was going to contact the undersigned attorneys.

27. Defendant's agent told Plaintiff that if the Plaintiff could afford an attorney than she could afford to make the payment.

28. Later that day, after the defendant knew the Plaintiff was seeking legal representation she received a third call from the Defendant, this time from the orginal agent "Eric Harding".

29. Defendant's agent, "Eric Harding", stated he was trying to work with the Plaintiff, so she would not have to go to court and he could not understand why the Plaintiff was so unwilling to make the payment.

30. Plaintiff once again explained that she would make payments to the Defendant but could not afford $5,000.00.

31. Defendant's agent, "Eric Harding", told Plaintiff that she was entitled to the money her husband made and told Plaintiff to just use that money.

32. Plaintiff again told Defendant's agent, "Eric Harding", that she she would not use her husbands money.

33. Defendant's agent, "Eric Harding", told the Plaintiff that their was going to be a lein put on her house and the Plaintiff's huband would be forced to take out a second mortgage.

34. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

35. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

36. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

37. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

38. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

39. The above paragraphs are hereby incorporated herein by reference.

40. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

41. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | |
|---|---|
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(4) | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5) | Caused any charges to be made to the consumer, e.g. cell phone calls |
| §§ 1692g | Failure to send 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Professional Bureau of Collections, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

    d.       Such addition and further relief as may be appropriate or that the interests of justice require.

### V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: November 15, 2011**

**BY:   /s/Bruce K. Warren**
Bruce K. Warren, Esq.

**BY:   /s/Brent F. Vullings**
Brent F. Vullings, Esq.

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneysø for Plaintiff